# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SCOTT P. MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 11-2257-JWL |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's failure to discuss or evaluate the medical opinions of a state agency psychologist, the court ORDERS that the decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

## I.     Background

Plaintiff applied for both DIB and SSI, alleging disability beginning June 12, 2008. (R. 18, 179-88).  The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  (R. 18, 97-100, 133-34).  Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Evelyn M. Gunn on July 8, 2010.  (R. 18, 33-60).  At the hearing, Plaintiff and a vocational expert testified, and Plaintiff amended his alleged onset date of disability to December, 15, 2009, the last day he worked at substantial gainful activity. Id.

ALJ Gunn issued her decision on August 19, 2010 finding that Plaintiff amended his onset date to December 15, 2009, and that Plaintiff has severe mental impairments of bipolar disorder and schizoaffective disorder imposing only nonexertional limitations that allow work which requires no public contact in an environment with little or no interaction with others, and working with things, not people.  (R. 18-26).  The ALJ determined that Plaintiff is unable to perform any past relevant work, but that there are a significant number of jobs in the economy he is able to perform based on his age, education, work experience, and the residual functional capacity (RFC) assessed.  (R. 24-25).  Therefore, the ALJ determined Plaintiff is not disabled within the meaning of the Act, and denied his applications.  (R. 26).

Plaintiff sought Appeals Council review of the decision, submitted a "Representative Brief," detailing his view of the errors allegedly made by the ALJ, and submitted additional medical records relating to the period after the ALJ issued her

2

decision on August 19, 2010.  (R. 12-14, 441-45).  The Appeals Council determined that the additional medical records Plaintiff submitted were not relevant to the determination of disability through August 19, 2010 and returned that evidence to Plaintiff.  (R. 2).  It issued an "Order of Appeals Council" making Plaintiff's Representative Brief a part of the administrative record.  (R. 6).  It considered that brief, determined it does not provide a basis for changing the ALJ's decision, found no reason under Social Security Administration (SSA) rules to review the decision, and denied Plaintiff's request for review.  (R. 1-2).  Therefore, the ALJ's decision is the final decision of the Commissioner.  (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).  Plaintiff now seeks judicial review of that decision.  (Doc. 1).

## II.    Legal Standard

The court's jurisdiction and review are guided by the Act.  Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)).  Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party.  It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084

3

(10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).

Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such

evidence as a reasonable mind might accept to support a conclusion.  Wall, 561 F.3d at

1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither

reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v.

Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health &

Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395

F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports the

Commissioner's decision is not simply a quantitative exercise, for evidence is not

substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.

Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a

physical or mental impairment which prevents him from engaging in any substantial

gainful activity, and which is expected to result in death or to last for a continuous period

of at least twelve months.  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993)

(citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir.

1985) (quoting identical definitions of a disabled individual from both 42 U.S.C.

§§ 423(d)(1) and 1382c(a)(3)(A));  accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C.

§§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity

that he is not only unable to perform his past relevant work, but cannot, considering his

4

age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability.  20 C.F.R. §§ 404.1520, 416.920 (2010); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining whether claimant can perform past relevant work; and whether, considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Blea, 466 F.3d at 907; accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the

5

burden shifts to the Commissioner to show that there are jobs in the economy within Plaintiff's capability.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ made numerous errors in his RFC assessment, failed to perform phase two of the step four evaluation, and posed an inadequate hypothetical question to the vocational expert at step five of the sequential evaluation process.  (Pl. Br. 11-27).  With regard to the RFC assessment, Plaintiff argues that the ALJ erred in her credibility determination, failed to properly consider the third party observations by an SSA employee and by Plaintiff's mother, failed to properly consider the treating source opinion of Plaintiff's physician, failed to evaluate the opinions of a non-treating consultant psychologist and of the state agency non-examining consultants, and failed to provide a narrative discussion linking record evidence to the RFC limitations assessed. (Pl. Br. 11-25).  The Commissioner opposes each of Plaintiff's claims, and argues that the ALJ applied the correct legal standard and that her decision is supported by substantial record evidence.  (Comm'r Br. 4-14).  The court finds that remand is necessary because the ALJ did not explain in the decision the weight given to the opinions of a state agency psychologist as required by 20 C.F.R. §§ 404.1527(f)(2) and 416.927(f)(2), and by Social Security Ruling (SSR) 96-6p.  Because the court finds error necessitating remand, it need not address each of Plaintiff's remaining allegations of error.  Plaintiff may make his arguments in that regard to the Commissioner on remand.

## III.   Evaluation of the State Agency Psychological Consultants' Opinions

Plaintiff argues the ALJ erred in failing to state the weight given to the "Lower Level State Doctor's [sic] Opinions" of Dr. Bean, Dr. Blum, and Dr. Jessop.  (Pl. Br. 21-23) (citing (R. 449, 494, 501, 579, 584, 586, 590-92); 20 C.F.R. § 404.1527(f)(2)(ii); SSR 96-2p, 96-6p, 96-8p).  In his response, the Commissioner argues that Dr. Bean's report is not relevant to the claim at issue here because the report was prepared in 2004 in connection with a prior claim and more than five years before Plaintiff's amended alleged onset date--December 15, 2009.  (Comm'r Br. 7).  Concerning the reports of Dr. Blum and Dr. Jessop, although the Commissioner does not assert that they are irrelevant to the current claim, he argues that "these reports were completed more than a year prior to the relevant period and do not reflect Plaintiff's condition as of December 15, 2009, or later," and that it was not error to fail to give weight to these opinions.  Id. at 8.

Although Plaintiff lumps Drs. Bean, Blum, and Jessop together as lower level state doctors, they are not all "state doctors," and the court will consider their opinions separately.  Dr. Bean is a psychologist who performed a consultative psychological examination including a mental status evaluation of Plaintiff "on referral from DDRS with the State of Kansas," on February 24, 2004.  (R. 446).  There is simply no evidence in the record that Dr. Bean is a psychologist employed by the Kansas state agency which evaluates disability claims for the SSA--the Disability Determination Service (DDS).  The court takes judicial notice that Dr. Bean is a psychologist who has been utilized upon referral by the DDS to provide psychological examinations and reports concerning disability claimants.  E.g., Belcher v. Astrue, No. 09-2299-KHV-GBC, 2010 WL

7

2232697, * 2-7 (D. Kan. May 4, 2010).  Dr. Bean is a consultant, not a state agency doctor.  Moreover, the regulations indicate that an employee of the SSA, or a physician or psychologist who does "review or adjudication work in the State agencies" will not be used for consultative examinations because of an apparent conflict of interest.  20 C.F.R. §§ 404.1519i, 404.1519q, 416.919i, 416.919q.  As defined in the regulations, Dr. Bean is a non-treating medical source who has examined Plaintiff and provided an opinion regarding his mental condition.  20 C.F.R. §§ 404.1502, 416.902.

Because Dr. Bean is not a state agency psychologist, the regulations and rulings which require an ALJ to explain in the decision the weight given to the opinions of state agency psychologists do not apply to the opinions of Dr. Bean.  Accordingly, the ALJ was not required by 20 C.F.R. §§ 404.1527(f)(2) and 416.927(f)(2), and by Social Security Ruling (SSR) 96-6p to consider and explain the weight given Dr. Bean's opinion.

Nonetheless, the regulations require that the Commissioner will evaluate every medical opinion he receives, 20 C.F.R. §§ 404.1527(d), 416.927(d), and that even opinions regarding issues reserved to the Commissioner must never be ignored.  SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 124 (Supp. 2011).   Therefore, Plaintiff's brief can be seen to allege error in ignoring the opinion of Dr. Bean, and the court must determine that issue.  The Commissioner argues that Dr. Bean's report is not relevant to Plaintiff's current claim.

8

As the ALJ specifically noted in her decision, "The record reveals the claimant was previously awarded disability benefits effective December 1999 [and] his benefits were ceased effective May 2004 due to medical improvement."  (R. 18); see also, (R. 221-22 (showing disability entitlement June 2000, and medical cessation May 2004).  The record also demonstrates that Plaintiff applied for DIB and SSI in April 2007 (R. 170-77), and that those applications were denied initially on June 15, 2007, and on reconsideration on February 4, 2008 based upon findings by psychologists, Dr. Blum and Dr. Adams.  (R. 91-97); (R. 490-504, 537) (Plaintiff met Listing 12.09 for substance addiction disorder, but alcoholism was a material factor contributing to the finding of disability).  There is no record evidence that Plaintiff sought an ALJ hearing regarding the 2007 applications, and they were abandoned and are not directly at issue here.  Bartlett v. Schweiker, 719 F.2d 1059, 1060 (10th Cir. 1983) (dismissing request for judicial review where Plaintiff failed to exhaust administrative remedies).  Thereafter, the applications at issue here were filed on July 31, 2008, and at the hearing Plaintiff amended his alleged onset date to December 15, 2009.  (R. 18).  The ALJ's decision says nothing regarding Plaintiff's 2007 applications, yet the administrative record before the court includes considerable evidence relating to the time period on or before the date of those applications.

Nevertheless, the court agrees with the Commissioner that Dr. Bean's report is not relevant to the claims at issue here.  Dr. Bean's examination was made on February 24, 2004 and his report was prepared February 26, 2004.  (R. 446).  This was during the period in which Plaintiff was receiving Social Security benefits, and was approximately

three months before his benefits were ceased due to medical improvement.  Although the

administrative record does not contain all of the evidence regarding the 2004

determination of medical improvement and cessation of benefits, and although it is not

clear how Dr. Bean's report relates to the decision to cease benefits, the administrative

record is silent as to any other application or SSA decision to which the report might

relate.  The record reflects that Plaintiff did not apply for benefits again until April 20,

2007, more than three years after Dr. Bean's report.  Moreover, as discussed above, Dr.

Bean's report reveals that he was not one of Plaintiff's treating psychologists, but that

Plaintiff was referred to him for consultation and evaluation "from DDRS with the State

of Kansas."  (R. 446).  Additionally, the applications at issue were made more than four

years after Dr. Bean's report and the amended alleged onset date was more than five years

after Dr. Bean's report.  Plaintiff provides no basis to believe that the opinions expressed

in Dr. Bean's report have any more than the most tenuous connection to Plaintiff's

condition between December 15, 2009 and August 19, 2010.

Plaintiff asserts that Dr. Bean's report is substantial evidence that the ALJ did not

weigh, and that the ALJ is required "to prepare a decision which is sufficiently specific to

make clear to any subsequent reviewer the weight the ALJ gave to the medical opinions."

(Pl. Br. 21, 23).  In his reply brief, Plaintiff asserts that the regulations require the ALJ to

consider and evaluate every medical opinion.  (Reply 7-8).  While the court

acknowledges that the regulations refer in broad terms to consideration and evaluation of

every medical opinion, it also notes that the definition of "medical opinion" in the

regulations is written in the present tense and relates to "judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can <u>still do</u> despite impairment(s), and your physical or mental restrictions."  20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (emphasis added).  In a case such as this, where Dr. Bean's report is so obviously outdated and irrelevant to the time period at issue, the court finds no error in the failure to specifically state the weight given the report.

Dr. Blum and Dr. Jessop are "state agency doctors" as referred to by Plaintiff, and Plaintiff argues that the regulations and rulings require an ALJ to explain in the decision the weight given to the opinions of such state agency psychologists.  20 C.F.R. §§ 404.1527(f)(2) and 416.927(f)(2); SSR 96-6p.  The Commissioner argues that Dr. Blum's and Dr. Jessop's reports "were completed more than a year prior to the relevant period and do not reflect Plaintiff's condition as of December 15, 2009, or later." (Comm'r Br. 8).  He argues the ALJ did not err in failing to give weight to these opinions.

Dr. Blum's reports were prepared on June 15, 2007, and Dr. Jessop's reports were prepared on October 8, 2008.  (R. 490-504, 575-93).  Dr. Blum's reports were prepared during the initial review of Plaintiff's 2007 applications and, as discussed above, formed the basis for the initial and reconsideration denials of those applications.  (R. 91-96).  Dr. Jessop's reports, on the other hand, were prepared during the initial review of Plaintiff's 2008 applications and formed the basis for the initial and reconsideration denials of those applications.  (R. 97-100).  All of these reports were prepared more than a year before Plaintiff's amended alleged onset date of December 15, 2009, but it is not so clear that

11

they were completed more than a year prior to the "relevant period" as that term is used

by the Commissioner, or that they do not reflect Plaintiff's condition as of December 15,

2009 or later as alleged by the Commissioner.

With regard to the "relevant period" as used by the Commissioner, it is not

absolutely clear to what he is referring.  Perhaps he is referring to the period for which the

regulations require the SSA to complete a claimant's medical history--at least 12 months

preceding the month the application was filed unless an earlier period is necessary or

unless the claimant asserts disability began less than 12 months before the application

was filed.  20 C.F.R. §§ 404.1512(d), 416.912(d).  Here, Dr. Jessop's reports were

completed within the period commencing 12 months before the 2008 applications were

filed, and are likely within that "relevant period."  Perhaps the Commissioner is arguing

that Plaintiff's amended alleged onset date is the date beginning the "relevant period"

here, and that all of the reports were completed more than one year before that date.  The

very uncertainty of this argument is the reason the court must find that it was error for the

ALJ to fail to specifically explain the weight given the opinions of Dr. Jessop, and,

perhaps, those of Dr. Blum.

As Plaintiff points out, the regulations and the rulings require an ALJ to explain in

the decision the weight she gives to the opinion of a state agency physician or

psychologist.  20 C.F.R. §§ 404.1527(f)(2) and 416.927(f)(2); SSR 96-6p.  Moreover,

SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493

U.S. 521, 530 n.9 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  The

regulations require the SSA to complete a claimant's medical history for at least 12 months preceding the month the application was filed unless one of two exceptions apply. 20 C.F.R. §§ 404.1512(d), 416.912(d).  In this case, Plaintiff's medical history was completed for more than 12 months before his latest application was filed, and it would be for the ALJ to determine whether any exception applied or whether less than the full medical history should be used to evaluate Plaintiff's condition.  Neither counsel for the Commissioner, nor this court may create post-hoc rationalizations to affirm a decision of the Commissioner, especially when that rationale is not apparent from the decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005); Knipe, 755 F.2d at 149 n.16. The ALJ erred because she did not explain the weight she gave to Dr. Jessop's opinion and did not provide a justification for failing to do so.  In contrast to Dr. Bean's opinion as discussed above, Dr. Jessop's opinion is not so clearly irrelevant to Plaintiff's condition on or after December 15, 2009 that it might be properly ignored.

On remand, the Commissioner must also decide whether Dr. Blum's opinion should be considered and weighed in determining whether Plaintiff is disabled.  However, Dr. Blum's opinion was provided in connection with Plaintiff's 2007 applications, and consideration of that opinion will potentially result in de facto reopening of the 2007 applications.  Taylor ex rel. Peck v. Heckler, 738 F.2d 1112, 1114-15 (10th Cir. 1984) (reviewing case on the merits and considering additional evidence resulted in de facto reopening).  Therefore, the court will not order that Dr. Blum's opinion must be

considered and weighed on remand, but the Commissioner might properly make that

determination in the first instance.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is

REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42

U.S.C. § 405(g) REMANDING the case for further proceedings.

Dated this 25th  day of April 2012, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

14